MICHAEL RAJECK, District Attorney Pierce County
Your predecessor requested an opinion regarding the construction of sec. 48.396 (1), Stats. Specifically, he asked two questions concerning the confidential exchange of juvenile records between juvenile officers and school officials:
 1. Does the juvenile officer have to provide information in his or her possession concerning a juvenile to officials of the school attended by the juvenile when requested to do so by school officials?
 2. Is the school violating the confidential exchange provisions of sec. 48.396 (1), Stats., by using the information exchanged between a juvenile officer and school officials to take disciplinary action against a student?
For the reasons discussed below, my opinion is that the confidential exchange provision of sec. 48.396 (1), Stats., does not require a juvenile officer to provide officials of the school attended by a child with information in the officer's possession concerning the child. Furthermore, in my opinion, school officials do not necessarily violate the confidential exchange provision by using the information exchanged to take disciplinary action against the child if the confidentiality of that information is properly preserved by school officials.
Section 48.396 (1), Stats., provides as follows:
 Peace officers' records of children shall be kept separate from records of persons 18 or older and shall not be open to inspection or their contents disclosed except by order of the court or according to s. 48.293. This subsection shall not apply to the representatives of newspapers or other reporters of news who wish to obtain information for the purpose of reporting news without revealing the identity of the child involved or to the confidential exchange of information between the police and officials of the school attended by the child or other law enforcement or social welfare agencies or to children 16 or older who are transferred to the criminal courts. *Page 181 
While sec. 48.396 (1), Stats., provides a qualified exception to the prohibition of public inspection or disclosure of juvenile records except by order of the court or to permit the confidential exchange of information between juvenile officers and school officials, it certainly does not require an officer to provide such information whenever requested to do so by school officials. In my opinion, sec. 48.396 (1), Stats., merely allows for disclosure of this information. By its language this provision is an exception to confidentiality; it does not affirmatively require disclosure. What is unclear is the scope of the exception. To what extent, if any, is a juvenile officer's discretion to disclose information to school officials limited? The juvenile officer would have the general right to withhold information unless disclosure was required by another statute. I find no such statutory requirement. For an answer to this question resort must be had to the legislative purposes of the Children's Code, set forth in sec. 48.01, Stats., which provides, in part, that "[T]he best interests of the child shall always be of paramount consideration." Sec. 48.01 (2), Stats. In addition, sec. 48.01, Stats., expresses a policy choice of supervision, care and rehabilitation over punishment and stigmatization. Sec.48.01 (1)(c), Stats. The Code also reflects the policy decision to protect the constitutional due process rights of children. Sec. 48.01 (1)(a), Stats.
Thus, in my opinion, a juvenile officer should not disclose information concerning a child when there is reason to believe that the information sought will not or could not practically be kept confidential as required by sec. 48.396 (1), Stats. Further support for the discretionary nature of a juvenile officer's duty to exchange confidential information with school officials is found in Winburn v. State, 32 Wis.2d 152, 162, 145 N.W.2d 178
(1966), where the court stated, "[i]t is common knowledge also that juvenile records do not, in fact, have a confidential status. Peace officers' records may be communicated to school authorities and to other law-enforcement agencies."
The above discussion to some extent foreshadows my analysis of your second inquiry concerning the use to which school officials may put confidential information provided by a juvenile officer. In my opinion, if such confidential information is released to school officials it should be used prospectively rather than retrospectively. That is, I believe that the information can be used to promote an awareness of the child's problems among appropriate school staff for purposes of *Page 182 
future counseling and guidance, or for purposes of avoiding placing that child or classmates in situations that would be harmful to their mutual welfare. The Children's Code clearly indicates a strong public policy to prevent any proceedings, whether formal or informal, from being utilized in any manner to further harass or exact retribution for a juvenile's misdeeds.
I believe that sec. 48.396 (1), Stats., permits information released to school officials to be used by them to take disciplinary action against a student if such disciplinary action is provided for under the terms of the informal disposition agreed to by the juvenile officer.
When an officer does disclose information to the officials of a child's school, such information must remain confidential under the express provisions of sec. 48.396 (1), Stats., and the requirements of sec. 118.125 (2), Stats., concerning the confidentiality of pupil records. In addition, certain due process safeguards, including notice and a hearing, must be observed where sanctions such as temporary suspension from school are imposed as a result of confidential information received from juvenile authorities. See Goss v. Lopez, 419 U.S. 565 (1975). In light of this hearing requirement, I seriously question whether school officials can ever use "confidential information" received from a juvenile officer to suspend, expel or otherwise seriously discipline a student without disclosing that information to persons not authorized to receive it.
If a situation arises in which school officials believe that the interest of the school in obtaining such information outweighs the child's interest in nondisclosure, but the juvenile officer disagrees, then school officials may seek the release of such information by court order as provided in sec. 48.396 (1) and (2), Stats. The juvenile court will then have to balance the interests of the school in discovering the contents of a juvenile's police records against the juvenile's interest in nondisclosure and against the interests of the administration of juvenile justice in exercising discretion in the release of juvenile records. Secs. 48.01 (2) and 48.35 (2), Stats.; Banas v.State, 34 Wis.2d 468, 474, 149 N.W.2d 571, cert. denied,389 U.S. 962 (1967).
I realize that in a former opinion of this office, it was said that police officers should give "free access" to their records to educational, welfare, and law enforcement agencies specified in former sec. 48.26 (1), Stats., as exceptions to the rule against disclosure or *Page 183 
inspection of juvenile records without court order. 56 Op. Att'y Gen. 211, 212 (1967). This conclusion was based on the erroneous inference that because the Wisconsin Legislature gave these agencies limited access to information contained in police officer's reports, such records and reports were no longer confidential with regard to those specified persons and agencies. There is simply no support for such a conclusion. On the contrary, I believe that all indications are that the Legislature made and intended juvenile records to be and remain confidential, whether in the possession of police officers who have been given the discretion and authority to disclose them to school officials, or in the possession of school officials as part of the student's confidential pupil records. Insofar as the former opinion implied that school officials should have free access to the records and reports of police officers concerning juveniles, that opinion must be modified in accordance with the conclusions reached herein.
BCL:MM:SCJ